UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK B. AMAYA,<br><br>            Petitioner,<br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>            Respondent. | ) Case No. 5:18-CV-02692-JAK-JC<br>)<br>) ORDER SUMMARILY<br>) DISMISSING PETITION FOR WRIT<br>) OF HABEAS CORPUS<br>)<br>)<br>)<br>) |

## I. SUMMARY

Pursuant to the April 18, 2019 Order of the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") in Case No. 18-73169 ("Ninth Circuit Case"), which was filed in the United States District Court for the Central District of California in the instant action on April 24, 2019 (Docket No. 2), petitioner Kirk B. Amaya is deemed to have filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) ("Petition") on November 12, 2018. Petitioner, who is in state custody and is proceeding *pro se*, challenges a judgment in San Bernardino County Superior Court Case No. FSB1305426 in which he was convicted of carjacking. He claims that such conviction is not a crime of violence, that it therefore does not qualify as a strike, and that he consequently should not have been sentenced as a second striker.

It plainly appears from the face of the Petition that the Petition is wholly unexhausted as the Petition affirmatively states that the claim asserted therein has not been raised in the state courts. (Petition at 3 [response to question 12]). Accordingly, petitioner is not entitled to federal habeas relief on his claim at this time. As explained below, the Court dismisses this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II. DISCUSSION

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[1] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 568 U.S. 959 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue *sua sponte* and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1991), cert. denied, 506 U.S. 1081 (1993).

///
///

---

[1] A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

In the present proceeding, the Petition affirmatively reflects that petitioner has not presented his claim to any state court, let alone the California Supreme Court. (Petition at 3 [response to question 12]).[2] Accordingly, it plainly appears from the face of the Petition that petitioner cannot meet his burden to demonstrate that he has exhausted his claim because it has not been disposed of by the California Supreme Court.

Although it is clear that the California Supreme Court has not resolved petitioner's claim, the exhaustion requirement may nonetheless be satisfied if petitioner's claim is clearly procedurally barred under state law. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). In this case, it is not at all "clear" that the California Supreme Court would deem petitioner's claim procedurally barred under state law. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this Order does not address or determineg whether consideration of petitioner's claim might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court will evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the

---

[2]The Court's search of the public dockets of the California Supreme Court – which are available at http://appellatecases.courtinfo.ca.gov, and of which this Court takes judicial notice – did not show that petitioner has sought any relief from such court relative to the judgment in issue, but did show that petitioner sought relief from the California Supreme Court in 1998-1999 relative to a judgment in San Bernardino County Superior Court Case No. FSB16141.

California Supreme Court nevertheless might choose to reach the merits of petitioner's claim. See, e.g., Park v. California, 202 F.3d 1146, 1151-52 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

Once, as in this case, a Court determines that a habeas petition contains only an unexhausted claim, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in this case is wholly unexhausted, its dismissal on this ground is appropriate.

## III. ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.[3]

IT IS SO ORDERED.

DATED: May 1, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner is notified that if he should later re-file a federal habeas corpus petition, he will be subject to the one-year period of limitation applicable to a petition for a federal writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period of limitation runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (28 U.S.C. § 2244(d)(1)(A)); (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B)); (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or (4) the date on which the factual (*not legal*) predicate of the claim presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)). In general, the one year statute of limitations is not tolled during the time an unexhausted federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167 (2001) (unexhausted federal habeas petition did not toll AEDPA statute of limitations); but see Orona v. United States, 826 F.3d 1196, 1198-99 (9th Cir. 2016) (AEDPA's statute of limitations period is tolled during pendency of application for authorization to file second or successive motion under 28 U.S.C. § 2255) (cited by Ninth Circuit in Ninth Circuit Case).